UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| VALENCIA MARIE COX, | ) |
| Plaintiff, | ) Civil Action No. 3:21-CV-461-CHB |
| v. | ) **MEMORANDUM OPINION** |
| RIVERCREST HOMEOWNERS ASSOCIATION INC. et al., | ) |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on initial review of Plaintiff Valencia Marie Cox's *pro se*, *in forma pauperis* Complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court will dismiss the action.

**I.**

Plaintiff filed her Complaint on a Court-approved form. [R. 1]. As Defendants, Plaintiff names "Rivercrest Homeowners Association Inc."; Jennifer E. Porter, whom Plaintiff identifies as a Judge in Bullitt County;[1] and "Bullitt County Metro Government." *Id.* at 2. Plaintiff asserts federal-question jurisdiction based on the "Fourth Amendment of Constitution of the United States of America, Fifth Amendment, Sixth Amendment." *Id.* at 3.

As her Statement of Claims, Plaintiff alleges as follows:

1) Fraud 18 U.S.C 1001- On or about 10/7/2020, Rivercrest Homeowners association knowingly and willfully falsified a claim of debt owed by plaintiff. Rivercrest Homeowners association made a materially false, fictitious, or fraudulent statement or representation to Plaintiff by sending a demand for payment letter. On 1/06/2021 Jennifer E. Porter knowingly and willfully made a false, fictitious, or fraudulent statement or representation by issuing an unlawful order

---

[1] The Court takes judicial notice that Defendant Porter is a Bullitt County District Court Judge. *See* https://kycourts.gov/Courts/County-Information/Pages/Bullitt.aspx

enforcing Rivercrest Homeowners Associaton's [sic] false demand for payment and compelling plaintiff to perform. Bullitt County Metro Government knowingly and willfully covered up Jennifer E. Porter[']s actions by failing to supervise public property.

2) 18 U.S.C 242 Deprivation of rights under color of law – On 10/7/2020 Rivercrest Homeowners Association under the color of law, willfully subjected Plaintiff in the Kentucky Republic to the deprivation of her Fourth Amendment right secured by the Constitution for the United States of America. On 1/7/2021, Jennifer E. Porter under the color of law, willfully subjected plaintiff in the Kentucky Republic to the deprivation of her Fourth Amendment right secured by the Constitution for the United States of America. On 1/7/2021, The Bullitt County [M]etro [G]overnment under color of law, willfully subjected Plaintiff in the Kentucky Republic to the deprivation of her Fourth Amendment right secured by the Constitution for the United States of America by failing to supervise public property.

*Id.* at 5-6.

As relief, Plaintiff seeks $3,000,000. *Id.* at 5.

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district

court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### A. 18 U.S.C. §§ 242 and 1001

Plaintiff alleges violations of 18 U.S.C. §§ 242 and 1001, but these are criminal statutes, which do not provide for a private right of action. *See Setzer v. First Choice Lending Servs., LLC*, No. 18-5192, 2018 WL 7500477, at *3 (6th Cir. Sept. 10, 2018) (indicating that "18 U.S.C. § 1001 is a criminal statute that does not provide a private cause of action"); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (affirming dismissal of claim under 18 U.S.C. § 242 because plaintiff has no private right of action under the criminal statute); *Moore v. Potter*, 47 F. App'x 318, 320 (6th Cir. 2002) (affirming district court's dismissal because plaintiff had "no private right of action pursuant to 18 U.S.C. § 242, a criminal statute"); *Kentucky Container Serv., Inc. v. Kuehne + Nagel, Inc.*, No. 3:22-CV-119-CHB, 2022 WL 1084746, at *3 (W.D. Ky. Apr. 11, 2022) (finding no private cause of action under 18 U.S.C. § 1001 and citing cases). Accordingly, Plaintiff has failed to state a claim for relief under either criminal statute cited in the Complaint.

#### B. Fourth, Fifth, and Sixth Amendments

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

In the Complaint, Plaintiff alleges that Rivercrest Homeowners Association "falsified a claim of debt owed by plaintiff" and sent her "a demand for payment letter"; that Judge Porter "issu[ed] an unlawful order enforcing Rivercrest Homeowners Associaton's [sic] false demand for payment and compelling plaintiff to perform"; and that Defendant Bullitt County Metro Government "covered up [Judge Porter's] actions by failing to supervise public property."

The Complaint contains naked assertions devoid of further factual enhancement and, therefore, fails to contain sufficient factual matter to state a claim to relief that is plausible on its face against any Defendant.

### IV.

For these reasons, the Court will dismiss the action by separate Order.

This the 9th day of June, 2022.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
     Defendants
A958.005